IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES SWIFT, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV190 |
| | ) | |
| V. | ) | |
| | ) | |
| WADIE THOMAS, and MATTHEW KAHLER, | ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) ) | |

Plaintiff filed his Complaint in this matter on April 29, 2016. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts and initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint alleges that Judge Wadie Thomas denied Plaintiff's motion to proceed without counsel in a state court proceeding. Plaintiff requests that this court "direct Wadie Thomas to enter order directing" that Plaintiff be allowed to proceed without counsel. (Filing No. 1.) Plaintiff further alleges that Defendant Matthew Kahler is "violating [Plaintiff's] self representation, due process, equal protection rights by continuing to masquerade as [Plaintiff's] counsel over [Plaintiff's] objection." (*Id*.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that

fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Plaintiff contends that his constitutional rights were violated when a state court judge denied his request to proceed without counsel in a state court action. The *Rooker-Feldman* doctrine precludes consideration of Plaintiff's claim.

The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). The *Rooker-Feldman* doctrine also applies to state proceedings that are essentially judicial in nature. *Feldman*, 460 U.S. at 467. *See also Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003). It appears that Nebraska state courts have ordered that Plaintiff cannot proceed pro se in certain state court proceedings. In order for Plaintiff to properly challenge these state court orders, he must seek the appropriate state remedies.

Moreover, to the extent that any portion of Plaintiff's Complaint could survive the jurisdictional bars of the *Rooker-Feldman* doctrine, *Younger* abstention is warranted. Under the *Younger* abstention doctrine, abstention is mandatory where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court. *Younger v. Harris*, 401 U.S. 37 (1971); *see Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004) ("Under *Younger v. Harris*, [] federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism"). Therefore, Plaintiff's Complaint must be dismissed.

IT IS ORDERED that Plaintiff's complaint is dismissed without prejudice. Judgment will be entered by separate document.

DATED this 1st day of July, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge